UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Daniel W., | No. 25-cv-904 (KMM/EMB) |
| Plaintiff, | |
| v. | **ORDER** |
| Frank Bisignano, *Commissioner of Social Security*,[1] | |
| Defendant. | |

Plaintiff Daniel W. brought this action after Defendant Commissioner of Social Security denied his application for supplemental security income and the Administrative Law Judge (ALJ) affirmed that denial. The matter is before the Court on United States Magistrate Judge Elsa M. Bullard's Report and Recommendation (R&R) (Dkt. 20) recommending that Plaintiff's request for relief be denied and the matter dismissed. No objections have been filed. For the reasons explained below, the Court adopts the R&R.[2]

---

[1] When the Complaint was filed on March 12, 2025, Leland Dudek, the Acting Commissioner of the Social Security Administration at the time, was named as the defendant in this action. (Dkt. 1.) Frank Bisignano became the Commissioner of Social Security on May 7, 2025, and has been substituted as the defendant under Rule 25(d) of the Federal Rules of Civil Procedure. No further action need be taken to continue this suit by reason of the last sentence of Section 205(g) of the Social Security Act, 42 U.S.C. § 405.

[2] On October 1, 2025, the Court ordered an administrative stay in response to the federal government shutdown that extended "[a]ll Social Security deadlines, due dates or cut-off dates . . . for a period equivalent to the duration of the" shutdown." (Dkt. 18 at 2.) The stay did not impact any deadlines in this case.

1

**DISCUSSION**

In the absence of objections, this Court reviews an R&R for clear error. *Nur v. Olmsted County*, 563 F. Supp. 3d 946, 949 (D. Minn. 2021) (citing Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam)). The Court has carefully reviewed Judge Bullard's R&R and finds no error, clear or otherwise.

Plaintiff challenged the ALJ's adverse finding only as to the final step of a five-step process for determining whether a claimant is disabled. At that step, the Commissioner must establish that the claimant, given his impairments and residual functioning capacity, can perform other work existing in a significant number of jobs in the national economy. *See* 20 C.F.R. § 404.1520(a)(4)(v); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). (*See* Dkt. 20 at 5–6.) In making findings at this step, an ALJ may rely on the testimony of a vocational expert that is elicited through "properly phrased hypothetical question[s]." *Swedberg v. Saul*, 991 F.3d 902, 906 (8th Cir. 2021) (citation omitted). That is what Judge Bullard found the ALJ did here, despite Plaintiff's argument that some ambiguity in the ALJ's line of hypothetical questioning undermined the conclusion that there is substantial evidence to support the ALJ's finding. (Dkt. 20 at 11–12.) As explained in the R&R, Judge Bullard declined to disturb the ALJ's finding for two reasons, and the Court sees no clear error in either reason.

First, Plaintiff, who was represented during the relevant proceedings, did not raise his challenge to the propriety of the ALJ's questioning at the administrative hearing. (Dkt. 20 at 9–11 (citing *Riggins v. Apfel*, 177 F.3d 689, 693 (8th Cir. 1999)).) There is no dispute that Plaintiff did not raise this challenge earlier or that he should have. No clear error in the

R&R there. (Dkt. 9–11.)

Second, Judge Bullard explained that, even assuming Plaintiff properly preserved his objection, the ALJ's line of questioning was clear that each hypothetical question built on the one immediately preceding it. (Dkt. 20 at 11–12.) The R&R thoroughly analyzes each step of the ALJ's line of hypothetical questioning, and the Court finds no error in Judge Bullard's conclusion that the ALJ's final hypothetical was properly phrased such that the vocational expert's testimony constituted substantial evidence to support the ALJ's finding. (Dkt. 20 at 11–12.)

## ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED that:**

1. The Magistrate Judge's Report and Recommendation (Dkt. No. 20) is **ACCEPTED**;
2. The Plaintiff's request for relief (Dkt. 9) is **DENIED**; and
3. This matter is **DISMISSED WITH PREJUDICE**.

**Let judgment be entered accordingly.**

Date: February 11, 2026

                                                      *s/Katherine M. Menendez*
                                                      Katherine M. Menendez
                                                      United States District Judge